# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **CHRISTOPHER HALE,** | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| **RELYANT GLOBAL, LLC.** | ] JURY DEMAND |
| **Defendant.** | ] |

## COMPLAINT

Comes now the Plaintiff, Christopher Hale, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, et seq.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The claims asserted in this action arose in Blount County, Maryville, Tennessee; therefore, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on May 18, 2023, a true and correct

copy of which is attached hereto as Exhibit 1. Further, Defendant employs more than fifteen employees.

## PARTIES

5. Plaintiff, Christopher Hale, is an adult male individual and citizen of the United States who resides in Burleigh County, Bismarck, North Dakota.

6. At all relevant times, Plaintiff was an employee of Relyant Global, LLC. (hereinafter "Relyant" or "Defendant").

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 335 High Street, Maryville, Tennessee.

## FACTUAL ALLEGATIONS

8. Plaintiff began his employment for defendant in a project-based Unexploded Ordinance Quality Control and Safety Officer ("UXOQC/SO") position in June 2021.

9. Throughout his employment, Plaintiff performed his essential job duties without issue and did not receive any formal discipline.

10. Plaintiff has been diagnosed with attention deficit hyperactivity disorder ("ADHD") and generalized anxiety disorder ("GAD").

11. Plaintiff's disabilities, in their unmitigated state, substantially limit the major life activities of sleeping, learning, communicating, interacting with others, concentrating, thinking, and working.

12. Plaintiff's disabilities affect his brain and neurological function.

13. Plaintiff utilizes prescribed medication to mitigate the symptoms of his disabilities.

14. During his employment, Plaintiff informed his Project Manager and Quality Control Manager that he took prescribed medication for his disabilities.

15. On June 18, 2022, while off duty and off company property, Plaintiff's company-issued vehicle was struck by another vehicle and damaged.

16. Plaintiff had been using the vehicle for the permitted use of an outing with other employees of Defendant, including management.

17. At the time of the collision, Plaintiff was not operating the vehicle.

18. Plaintiff was in no way at fault for the damage caused to the vehicle.

19. Once becoming aware of the accident, Plaintiff immediately reported the incident to Defendant.

20. After the incident, Defendant required Plaintiff to submit to a post-incident drug test.

21. Defendant's employee handbook does not mandate drug tests as a result of incidents in which an employee is not operating a vehicle.

22. In past occurrences, similarly situated non-disabled employees had been in similar circumstances and Defendant did not require a drug test.

23. Plaintiff is aware that other employees who caused damage to work vehicles while operating the vehicle who were not subjected to drug testing.

24. Plaintiff declined to submit a drug test because it was not required by Defendant's policies.

25. Plaintiff informed Defendant that he believed being asked to submit to a drug test was an unlawful medical inquiry and would necessarily require disclosure of his medical diagnosis and/or disability.

26. Plaintiff did not believe Defendant's request was job related and/or consistent with business necessity.

27. Plaintiff requested Defendant clarify why he should be subject to urinalysis.

28. Defendant responded to Plaintiff's inquiries by stating they could subject him to a drug test at any time.

29. Plaintiff reiterated that OSHA had made clarification that urinalysis would be inappropriate.

30. In immediate response to this conversation, Defendant terminated Plaintiff.

**COUNT I – VIOLATION OF AMERICANS WITH DISABILTIES ACT**
**(Discrimination and Retaliation)**

31. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

32. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

33. Plaintiff was disabled in that he had a mental and/or physical impairment which substantially limited one or more major life activities.

34. Defendant regarded Plaintiff as disabled by perceiving that his impairment limited the major life activity of working.

35. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, et. seq.

36. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

37. Defendant was aware of Plaintiff's disability.

38. Defendant required Plaintiff to submit to a drug test.

39. The drug test was not job-related.

40. The drug test was not consistent with business necessity.

41. Plaintiff objected to submitting to Defendant's drug test.

42. Plaintiff objected to the unlawful medical inquiry in good faith based on information received from the Occupational Safety and Health Administration.

43. Defendant took adverse employment actions against Plaintiff because of his disability and/or perceived disability and/or in retaliation for his objection to Defendant's unlawful medical inquiry.

44. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

45. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### COUNT II – VIOLATION OF AMERICANS WITH DISABILTIES ACT
### (Unlawful Medical Inquiry)

46. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

47. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

48. Plaintiff was disabled in that he had a mental and/or physical impairment which substantially limited one or more major life activities.

49. Defendant regarded Plaintiff as disabled by perceiving that his impairment limited the major life activity of working.

50. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, et. seq.

51. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

52. Defendant was aware of Plaintiff's disability.

53. Defendant required Plaintiff to submit to a drug test.

54. The drug test was not job-related.

55. The drug test was not consistent with business necessity.

56. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

57. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendants, for:

(1) all amounts of wages Plaintiff should have received under federal and state laws but for Defendants' willful violation of his rights; and

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount determined by the jury; and

(3) all reasonable attorney's fees, costs and interest pursuant to federal and state law;

(4) a tax offset to neutralize the tax burden of any award; and

(5) any such other legal or equitable relief as may be appropriate or to which he may be entitled under federal and/or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

/s/ *Lauren Irwin*
**G. BRANDON HALL, BPR No. 034027**

**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Suite 402
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*